## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FORTRESS INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>OCEAN DENTAL, P.C., *et al.*<br><br>   Defendants.<br>_____<br><br>OCEAN DENTAL, P.C.,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY,<br>d/b/a CNA,<br><br>   Third-Party Defendant/<br>   Fourth-Party Plaintiff<br>_____<br>CONTINENTAL CASUALTY COMPANY,<br>d/b/a CNA,<br><br>   Third-Party Defendant/<br>   Fourth-Party Plaintiff<br><br>v.<br><br>CHAD HOECKER, D.D.S, *et al.*<br><br>   Fourth-Party Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  CIV-13-0322-R<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

   Defendant Ocean Dental, P.C. ("Ocean Dental") for its Answer to Fortress's First

Amended First Amended Complaint for Declaratory Judgment ("First Amended First

Amended Complaint") filed herein, and for its Counterclaim against Plaintiff and

Counter-Defendant Fortress Insurance Company, Inc. ("Fortress") alleges and states as follows:

Ocean Dental denies each and every allegation contained in Fortress's First Amended Complaint except as otherwise expressly admitted herein.

1.      Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations contained in Paragraph 1 of Fortress's First Amended Complaint and therefore denies same.

2.      Ocean Dental admits that it is a professional corporation organized under the laws of the State of Oklahoma with its principal place of business in Stillwater, Oklahoma.  Ocean Dental admits that it owns dental clinics throughout the State of Oklahoma.

3.      Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations contained in Paragraph 3 of Fortress's First Amended Complaint and therefore denies same.  Ocean Dental admits that Dr. Robin Lockwood is believed to be in the custody of the United States Bureau of Prisons and that Dr. Lockwood was a dentist.

4.      Ocean Dental admits that Dr. Chad Hoecker, DDS is a licensed dentist whose place of domicile is the State of Oklahoma.

5.      Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 5 of Fortress's First Amended Complaint and therefore denies same.

6.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 6 of Fortress's First Amended Complaint and therefore denies same.

7.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 7 of Fortress's First Amended Complaint and therefore denies same.

8.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 8 of Fortress's First Amended Complaint and therefore denies same.

9.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 9 of Fortress's First Amended Complaint and therefore denies same.

10.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 10 of Fortress's First Amended Complaint and therefore denies same.

11.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 11 of Fortress's First Amended Complaint and therefore denies same.

12.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 12 of Fortress's First Amended Complaint and therefore denies same.

13.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 13 of Fortress's First Amended Complaint and therefore denies same.

14.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 14 of Fortress's First Amended Complaint and therefore denies same.

15.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 15 of Fortress's First Amended Complaint and therefore denies same.

16.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 16 of Fortress's First Amended Complaint and therefore denies same.

17.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 17 of Fortress's First Amended Complaint and therefore denies same.

18.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 18 of Fortress's First Amended Complaint and therefore denies same.

19.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 19 of Fortress's First Amended Complaint and therefore denies same.

20.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 20 of Fortress's First Amended Complaint and therefore denies same.

21.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 21 of Fortress's First Amended Complaint and therefore denies same.

22.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 22 of Fortress's First Amended Complaint and therefore denies same.

23.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 23 of Fortress's First Amended Complaint and therefore denies same.

24.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 24 of Fortress's First Amended Complaint and therefore denies same.

25.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 25 of Fortress's First Amended Complaint and therefore denies same.

26.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 26 of Fortress's First Amended Complaint and therefore denies same.

27.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 27 of Fortress's First Amended Complaint and therefore denies same.

28.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 28 of Fortress's First Amended Complaint and therefore denies same.

29.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 29 of Fortress's First Amended Complaint and therefore denies same.

30.     Ocean Dental is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 30 of Fortress's First Amended Complaint and therefore denies same.

31.     Ocean Dental admits that this Court has jurisdiction over this action as alleged in Paragraph 31 of Fortress's First Amended Complaint pursuant to 28 U.S.C. § 1332.  However, Ocean Dental denies that a justiciable case or controversy exists for all of Fortress's claims and that all of the bases for declaratory relief set forth in Fortress's First Amended Complaint are appropriate for declaratory relief under 28 U.S.C. § 2201.

32.     Ocean Dental admits that venue is proper in this judicial district as alleged in Paragraph 32 of Fortress's First Amended Complaint.

33.     Ocean Dental admits that Fortress issued a policy of insurance as alleged in the first sentence of Paragraph 33 of Fortress's First Amended Complaint.  Ocean Dental

further admits that the policy of insurance is what is commonly referred to as a "claims made" policy, but that the terms and scope of coverage speak for themselves.

34.     Ocean Dental admits that Fortress issued a policy of insurance as alleged in the first sentence Paragraph 34 of Fortress's First Amended Complaint.  Ocean Dental further admits, on information and belief, that the policy of insurance issued to Dr. Lockwood is also a "claims made" policy, but that the terms and scope of coverage speak for themselves.

35.     Ocean Dental admits that Fortress issued a policy of insurance as alleged in the first sentence of Paragraph 35 of Fortress's First Amended Complaint.  Ocean Dental further admits, on information and belief, that the policy of insurance issued to Dr. Hoecker is also a "claims made" policy, but that the terms and scope of coverage speak for themselves.

36.     Ocean Dental admits that the policies of insurance issued by Fortress to Ocean Dental, Dr. Lockwood and Dr. Hoecker have different policy periods and different endorsements as alleged in Paragraph 36 of the First Amended Complaint.  Ocean Dental is without sufficient knowledge or information with which to admit or deny the remaining allegations in Paragraph 36 of Fortress's First Amended Complaint and therefore denies same.

37.     Ocean Dental, responding solely as to the Policy of Insurance described in Paragraph 33 (the "Ocean Dental Policy"), admits  that the language in Paragraph 37 of Fortress's First Amended Complaint is an accurate quotation of the language in the Ocean Dental.  Except as expressly admitted, Ocean Dental denies the remainder of the

allegations in this Paragraph.   Unless otherwise stated, all of Ocean Dental's further responses to any allegations made in the First Amended Complaint regarding any policy of insurance are made solely with respect to the Ocean Dental Policy.   While Fortress alleges that the policies are "identical," Ocean Dental does not have a copy of the Lockwood policy, is therefore without sufficient information or belief as to the truth of that allegation and therefore denies same.

38.   Ocean Dental, responding solely as to the Ocean Dental Policy, admits that the language referenced in Paragraph 38 of Fortress's First Amended Complaint is an accurate quotation of the language in the Ocean Dental Policy.   Except as expressly admitted, Ocean Dental denies the remainder of the allegations in this Paragraph.

39.   Ocean Dental, responding solely as to the Ocean Dental Policy, admits that the language referenced in Paragraph 39 of Fortress's First Amended Complaint is an accurate quotation of the language in the Ocean Dental Policy.   Except as expressly admitted, Ocean Dental denies the remainder of the allegations in this Paragraph.

40.   Ocean Dental, responding solely as to the Ocean Dental Policy, admits that the language referenced in Paragraph 40 of Fortress's First Amended Complaint is an accurate quotation of the language in the Ocean Dental Policy.  Except as expressly admitted, Ocean Dental denies the remainder of the allegations in this Paragraph.

41.   Ocean Dental admits that on or about March 16, 2011, the lawsuit identified as the "Robinson Lawsuit" in Fortress's First Amended Complaint was filed in the District Court for Oklahoma County and that the case number reflected in Paragraph 41 of Fortress's First Amended Complaint is correct.

42.     Ocean Dental admits that the portions of the complaint in the "Robinson Lawsuit" as stated by Fortress are accurately cited.  Ocean Dental denies Fortress's Paragraph 42 to the extent it implies that the portions quoted are the only portions of the Robinson Lawsuit relevant to this dispute.  Moreover, Ocean Dental denies the allegations in Fortress's Paragraph 42 to the extent that they are intended to reflect the current state of the claims raised by the plaintiffs in the Robinson Lawsuit.  Many of the causes of action asserted in the Robinson Lawsuit have been dismissed either voluntarily or by way of summary judgment and therefore are no longer currently at issue, though many of these rulings may be interlocutory in nature and potentially subject to appeal or other legal challenge.

43.     Ocean Dental admits that after the Robinson Lawsuit was filed, Fortress appointed separate defense attorneys to represent Ocean Dental and Dr. Lockwood and that Fortress issued a reservation of rights letter to Ocean Dental, the terms and substance of which speak for itself.  Ocean Dental is without sufficient information or belief as to the truth of the allegation that a reservation of rights letter was sent to Dr. Lockwood and on that basis denies same.  Except as expressly admitted herein, Ocean Dental denies any remaining allegations in Paragraph 43.

44.     Ocean Dental admits that the description of the trial court's rulings on summary judgment in the first sentence of Paragraph 44 are accurate.  Ocean Dental denies the allegations of the final sentence of Paragraph 44 on the grounds that Dr. Lockwood has brought a motion for summary judgment with respect to the Robinson Plaintiffs' claims for intentional/negligent infliction of emotional distress and that those

claims have now been voluntarily dismissed by the Robinson Plaintiffs as to all defendants.

45.     Ocean Dental, responding solely as to the Ocean Dental Policy, admits that the language referenced in Paragraph 45 of Fortress's First Amended Complaint is an accurate quotation of the language in the Ocean Dental Policy.  Except as expressly admitted, Ocean Dental denies the remainder of the allegations in this Paragraph.

46.     Ocean Dental, responding solely as to the Ocean Dental Policy, admits that the language referenced in Paragraph 46 of Fortress's First Amended Complaint is an accurate quotation of the language in the Ocean Dental policy.  Except as expressly admitted, Ocean Dental denies the remainder of the allegations in this Paragraph.

47.     Ocean Dental admits that the language cited in Paragraph 47 of Fortress's First Amended Complaint is an accurate quote from a portion of the operative complaint in the Robinson Lawsuit.  Ocean Dental further admits that a motion to certify a class was filed in the Robinson Lawsuit on or about April 27, 2012.  Except as expressly admitted, Ocean Dental denies the remainder of the allegations in this Paragraph.

48.     Ocean Dental admits the allegations of Paragraph 48 of Fortress's First Amended Complaint, but further states that the plaintiffs in the Robinson Lawsuit can move to amend to add new parties to the Robinson Lawsuit and/or seek revision of the class certification order at a future date.

49.     Ocean Dental admits that on or about December 6, 2011, counsel for the plaintiffs in the Robinson Lawsuit requested the medical records of 31 patients and that Ocean Dental immediately reported this request to Fortress.  Ocean Dental further admits

that Fortress has appointed counsel and is defending Ocean Dental under a reservation of rights with respect to these 31 patients.   Ocean Dental further states, in response to Fortress' allegation in Paragraph 49, that Dr. Lockwood has never reported these record requests, that Dr. Lockwood was not employed by Ocean Dental at the time when the requests were made and therefore it is unclear whether Dr. Lockwood even had knowledge of these requests at the time they were made.   Ocean Dental lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 49 and therefore denies same.

50.   Ocean Dental admits that on or about April 26, 2013, counsel for the plaintiffs in the Robinson Lawsuit requested an additional seven medical records requests to Ocean Dental and that Ocean Dental immediately reported these requests to Fortress. Ocean Dental further admits that Fortress has appointed counsel and is defending Ocean Dental under a reservation of rights with respect to these 7 patients.   Ocean Dental lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies same.

51.   Ocean Dental admits that on or about June 18, 2013, counsel for the plaintiffs in the Robinson Lawsuit requested an additional seventy-four medical records requests to Ocean Dental and that Ocean Dental immediately reported these requests to Fortress.   Ocean Dental further admits that Fortress has appointed counsel and is defending Ocean Dental under a reservation of rights with respect to these 74 patients. Ocean Dental lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 51 and therefore denies same.

52.     Upon information and belief, Ocean Dental admits that on June 19, 2012, Dr. Lockwood pled guilty to a one count Information as alleged in Paragraph 52 of Fortress's First Amended Complaint.  Upon information and belief, Ocean Dental admits the remaining allegations in Paragraph 52 of Fortress's First Amended Complaint.

53.     Ocean Dental admits that on or about June 28, 2013, the lawsuit identified as the "Aguina Lawsuit" in Fortress's First Amended Complaint was filed in the District Court for Oklahoma County and that the case number reflected in Paragraph 53 of Fortress's First Amended Complaint is correct.  Ocean Dental further admits that the plaintiffs in the Aguina Lawsuit include patients who previously submitted medical records requests to Ocean Dental as referenced in Paragraphs 49 and 50 of Fortress's First Amended Complaint and further states that said patients were included in the class first identified in the Robinson Lawsuit.

54.     Ocean Dental admits that the language quoted in Paragraph 54 of Fortress's First Amended Complaint is an accurate quotation of language from the petition on file in the Aguina Lawsuit

55.     Ocean Dental admits that Fortress agreed to provide a defense to Dr. Hoecker in connection with the Aguina Lawsuit under a reservation of rights letter, the terms and content of which speak for themselves.  Ocean Dental denies the remaining allegations of Paragraph 55.

56.     Ocean Dental admits that the reservation of rights letter sent by Fortress to Dr. Hoecker includes the quoted language set forth in Paragraph 56 of Fortress's First Amended Complaint.

57.    Ocean Dental admits that it received a reservation of rights letter from Fortress in connection with the Aguina Lawsuit, the terms and content of which speak for themselves.   Except as expressly admitted herein, Ocean Dental denies the remaining allegations of Paragraph 57, and specifically states that the plaintiffs in the Aguina Lawsuit clearly seek damages for bodily injury.

58.    Ocean Dental admits that Fortress has agreed to defend Ocean Dental in connection with the Aguina Lawsuit under a reservation of rights letter, the terms and content of which speak for themselves.   Ocean Dental lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies same.

59.    Ocean Dental denies that there is any justiciable controversy between Ocean Dental and Fortress with respect to Fortress's liability for certain of the claims asserted in the Robinson Lawsuit, the Aguina Lawsuit, or the Medical Records Requests.

60.    The statements contained in Paragraph 60 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Ocean Dental states that Fortress is obligated to defend and indemnify Ocean Dental for the claims of all putative class members, whether asserted in the Robinson Lawsuit, the Aguina Lawsuit or elsewhere, including without limitation the 31 December 2011 Medical Records requests, the 7 April 2013 Medical Records requests and the 74 July 2013 Medical Records requests.   Ocean Dental lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 60 and therefore denies same.

13

61.     The statements contained in Paragraph 61 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Ocean Dental states that Fortress is obligated to defend and indemnify Ocean Dental for the claims set forth the Aguina Lawsuit. Ocean Dental lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 60 and therefore denies same.

62.     The statements contained in Paragraph 62 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Ocean Dental denies that there is an actual, justiciable controversy regarding the grounds for declaratory relief set forth in Fortress's Paragraph 62 and/or that the Court should exercise its discretion to hear said claims.  Ocean Dental further denies the allegations contained in Paragraph 62 of Fortress's First Amended Complaint to the extent they imply that the underlying Aguina Lawsuit seeks compensation for "non-bodily injury" or alleges negligent supervision or hiring.

63.     The statements contained in Paragraph 63 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Ocean Dental denies that there is an actual, justiciable controversy regarding the grounds for declaratory relief set forth in Fortress's Paragraph 63 and/or that the Court should exercise its discretion to hear said claims.

64.     The statements contained in Paragraph 64 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Ocean Dental denies that there is an actual, justiciable controversy regarding the grounds for declaratory relief set forth in Fortress's Paragraph 64 and/or that the Court should exercise its discretion to hear said claims.  Ocean Dental further denies the allegations contained in Paragraph 64 of Fortress's First Amended Complaint to the extent they imply that the underlying Robinson Lawsuit seeks compensation for "non-bodily injury" or alleges negligent supervision or hiring.

65.     The statements contained in Paragraph 65 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required.

66.     Ocean Dental denies the allegations in Paragraph 66 of Fortress's First Amended Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.     Fortress's First Amended Complaint fails to state a claim upon which relief can be granted.

2.     Fortress is barred and estopped from filing its claims herein due to its conduct described more fully in the Counterclaims set forth below.

3.     Fortress's First Amended Complaint fails, in part, to state claims that are ripe for adjudication.

4.     Fortress's First Amended Complaint fails, in part, to set forth a justiciable controversy.

5.     Fortress's First Amended Complaint seeks, in part, an advisory opinion that is not appropriate for declaratory relief.

6.     Ocean Dental reserves additional affirmative defenses and reserves the right to seek leave to amend its Answer to assert any such additional affirmative defenses if and when it appears appropriate and necessary to do so.

WHEREFORE, having duly answered Fortress's First Amended Complaint, Ocean Dental prays that Fortress take nothing thereby, that Fortress's request for the Declaratory Judgment be denied in its entirety, that the Court award Ocean Dental its costs and attorneys' fees incurred herein, and that the Court award Ocean Dental such other and further relief as is just and equitable.

## COUNTERCLAIMS

### (Breach Of Contract And Bad Faith)

Ocean Dental, P.C. adopts and incorporates all of the statements and allegations previously set forth herein, and in addition thereto, alleges and states as follows:

1.     Fortress issued a Professional Liability Insurance Policy to Ocean Dental, P.C., Policy No. 91214 (the "Ocean Dental Policy"), and at all times mentioned herein, Ocean Dental, P.C. was the named insured and was afforded insurance coverage under the Policy.

2.     On or about March 21, 2011, within the Ocean Dental Policy period, Ocean Dental reported the filing of the Robinson Lawsuit to Fortress.  As used herein, the term "Robinson Lawsuit" shall have the same meaning as set forth in Paragraph 41 of Fortress's First Amended Complaint.

3.     After the Robinson Lawsuit was reported, Fortress appointed counsel to represent Ocean Dental under a reservation of rights.

4.     From March 21, 2011, and through the end of the Ocean Dental Policy period, Ocean Dental's counsel appointed by Fortress consistently updated Fortress on the progress of the lawsuit, including providing specific information about the claims asserted by both the class representatives and the potential class.  This communication, on behalf of Ocean Dental, included an analysis of the class-wide claims that Dr. Lockwood engaged in systematic malpractice with respect to the putative class members. Fortress was further informed that plaintiffs' counsel in the Robinson Lawsuit was gathering additional plaintiffs that would either be part of the class and/or would file individual claims in separate lawsuits.

5.     Accordingly, prior to the expiration of the Policy Period, Fortress was fully informed that the plaintiffs in the Robinson Lawsuit had raised and were raising allegations that Dr. Lockwood had systematically engaged in widespread "over treatment" of patients and other alleged dental malpractice for which Ocean Dental is alleged to have vicarious and/or direct liability.  Further, Fortress was fully aware that plaintiffs' counsel in the Robinson Lawsuit was gathering and threatening to bring claims for additional patients either as part of the class or separately prior to the expiration of the policy period.  Accordingly, the claims of the putative class members were made and reported to Fortress within the applicable Policy Period.

6.     In light of the class allegations and the information reported to Ocean Dental and Fortress by appointed counsel, Ocean Dental demanded that Fortress engage

in discussions in an effort to settle the entire matter in order to cut-off any future liability of Ocean Dental and stop the reputational and business harm that had been caused and was ongoing by the allegations in the Robinson Lawsuit and in the plaintiffs' counsel's efforts to identify by name specific patients.  Ocean Dental demanded that Fortress initiate settlement communications because, although Ocean Dental denied any liability in the Robinson Lawsuit, the continuation of the lawsuit and the specter of additional damage claims threatened Ocean Dental with potentially serious exposure to  liability.

7.     Fortress failed and refused to initiate or engage in any such settlement discussions as demanded in spite of the fact that the principal claims asserted in the Robinson Lawsuit by named plaintiffs on behalf of themselves and all putative class members are covered claims under the Ocean Dental Policy.  Fortress's refusal to act was in bad faith and in violation of its obligations at law and under the Policy, all of which has unnecessarily exposed Ocean Dental to additional liability.

8.     Moreover, all of the grounds for Fortress to file this present lawsuit were known to Fortress in or about December of 2011.  However, apart from a reservation of rights when it appointed counsel, Fortress took no action to raise or otherwise dispute actual coverage as to the unnamed class members until April 2013 with the filing of the present litigation, just prior to a mediation that was scheduled in the Robinson Lawsuit in late May 2013.  Upon information and belief, this declaratory relief action was intentionally filed just prior to the mediation as part of an effort to impair Ocean Dental's position in the mediation of the Robinson Lawsuit  In short, Fortress timed the filing of its Declaratory Relief action to intentionally pressure and disadvantage Ocean Dental in

the Robinson Lawsuit, thereby compounding its earlier bad faith refusal to initiate settlement discussions years earlier when it was obligated to do so.

9.      The timing of this present lawsuit is also in bad faith and contrary to the implied covenant of good faith and fair dealing for the additional reason that the Robinson Lawsuit is ongoing and hotly contested.  Fortress's contention that claims other than the named plaintiffs were not reported may require Ocean Dental to disclose information about discussions that took place between Ocean Dental, Fortress and respective counsel.  This information would ordinarily remain confidential and not subject to discovery in the Robinson Lawsuit.  However, by filing this lawsuit against Ocean Dental while the Robinson Lawsuit is still pending, Ocean Dental will likely be required to disclose some or all of these confidential communications and this information may be used to impair Ocean Dental's position in the Robinson Lawsuit (and the Aguina Lawsuit).  Such injury would not occur absent Fortress's decision to file this present lawsuit before the Robinson Lawsuit was resolved.

10.     In addition, despite having full knowledge of all of the facts necessary to bring this claim and in furtherance of Fortress's bad faith, Fortress waited to file this action until after Dr. Lockwood had been remanded to the custody of the Bureau of Prisons and therefore at a time when Dr. Lockwood was unlikely to be able to defend herself from Fortress's claims.  Because both Dr. Lockwood and Ocean Dental's policies cover one or more of the claims in the Robinson Lawsuit and of the putative class members, Fortress's impairment of the rights of one of its insureds, Dr. Lockwood, has the added effect of impairing the rights of Ocean Dental.

11.     Further, Fortress is now seeking to withdraw its defense of Ocean Dental with respect to any claims that it believes are not covered claims.  Under Oklahoma law, where a lawsuit includes both covered and uncovered claims, the insurer must defend the entire suit.  *See Automax Hyundai South, L.L.C. v. Zurich American Ins.,* Co. 720 F.3d 798, 805-06 (10th Cir. 2013).  Accordingly, by now attempting to withdraw its defense, claim by claim based on whether it believes each claim is "covered," Fortress is violating its duties to act in good faith and to provide a good faith defense to its insured.

12.     Fortress, in its handling of Ocean Dental's claim, has breached its duty of good faith and fair dealing with Ocean Dental in multiple respects, including, without limitation, the following:

a.     Failing and refusing to initiate settlement discussions with plaintiffs in the Robinson Lawsuit despite demand and despite the fact that it was in the best interests of Ocean Dental, its insured, to do so;

b.     Delaying and timing the filing of the present lawsuit until the eve of a mediation in the Robinson Lawsuit as part of a deliberate effort to coerce Ocean Dental into incurring additional expenses in resolving claims which Fortress knows are covered claims under the Ocean Dental Policy;

c.     Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Ocean Dental's claim once it had become reasonably clear that it would be in the  best interests of the insured for the claims to be settled;

d.      Filing this lawsuit at a time when it may result in the disclosure of information which would have a serious adverse impact on Ocean Dental with respect to the undisputedly covered claims at issue in the Robinson Lawsuit (and the Aguina Lawsuit);

e.      Forcing Ocean Dental to retain counsel in order to secure benefits that were payable under the Policy; and

f.      Undermining Ocean Dental's defense in the Robinson Lawsuit (and the Aguina Lawsuit) by attempting to withdraw its defense of allegedly "uncovered" claims in violation of its duties to provide a good faith defense to Ocean Dental of all covered claims.

All of the foregoing are in violation of the covenant of good faith and fair dealing that Fortress owed to Ocean Dental.

13.      As a proximate result of Fortress's breach of the terms of the Policy and breach of the implied covenant of good faith and fair dealing, Ocean Dental has suffered the loss of benefits owed to it under the Policy, financial hardship, and other damages, many of which are ongoing.

14.      Fortress, in its actions with Ocean Dental, acted intentionally and with malice or with such reckless disregarded of the rights of others such that Ocean Dental is entitled to punitive damages against Fortress.

WHEREFORE, Defendant/Counter-Plaintiff Ocean Dental prays for judgment against Plaintiff/Counter-Defendant Fortress in an amount in excess of $75,000 in actual damages, and for punitive damages, together with interests and costs of this action, for its

reasonable attorneys' fees and costs, and for such other relief which the Court deems just and equitable under the circumstances.

Respectfully submitted,

s/Thomas B. Snyder
Thomas B. Snyder, OBA #31428
Jessica L. Perry, OBA #22681
CROWE & DUNLEVY, P.C.
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-6609
(405) 272-5293 (Facsimile)
thomas.snyder@crowedunlevy.com
jessica.perry@crowedunlevy.com

ATTORNEYS FOR DEFENDANT
OCEAN DENTAL, P.C.

**JURY TRIAL DEMANDED**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of September, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christian Huckaby                      Seth Day
CHuckaby@HallEstill.com                sday@HallEstill.com

ATTORNEY FOR                           ATTORNEY FOR
PLAINTIFF/COUNTER-DEFENDANT            PLAINTIFF/COUNTER-DEFENDANT


*s/ Thomas B. Snyder*
Thomas B. Snyder

2483286