## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

FORTRESS INSURANCE COMPANY,    )
     )
    Plaintiff,    )
     )
v.    )
     )
OCEAN DENTAL, P.C., *et al.*    )
     )
     )
    Defendants.    )
———————————————————————— )
     )
OCEAN DENTAL, P.C.,    )
     )
    Third-Party Plaintiff,    )
     )
v.    )
     )
CONTINENTAL CASUALTY COMPANY,    )  Case No.  CIV-13-0322-R
d/b/a CNA,    )
     )
    Third-Party Defendant/    )
    Fourth-Party Plaintiff    )
     )
———————————————————————— )
CONTINENTAL CASUALTY COMPANY,    )
d/b/a CNA,    )
     )
    Third-Party Defendant/    )
    Fourth-Party Plaintiff    )
     )
v.    )
     )
CHAD HOECKER, D.D.S, *et al.*    )
     )
    Fourth-Party Defendants.    )
————————————————————————

## DR. CHAD HOECKER, D.D.S.' ANSWER TO FIRST AMENDED COMPLAINT

Defendant Dr. Chad Hoecker, D.D.S. ("Dr. Hoecker") for his Answer to Fortress's

First Amended Complaint for Declaratory Judgment ("Complaint") filed herein, alleges

and states as follows:

Dr. Hoecker denies each and every allegation contained in Fortress's Complaint except as otherwise expressly admitted herein.

1.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations contained in Paragraph 1 of Fortress's First Amended Complaint and therefore denies same.

2.      Dr. Hoecker admits that Ocean Dental, P.C.  is a professional corporation organized under the laws of the State of Oklahoma with its principal place of business in Stillwater, Oklahoma.   Dr. Hoecker admits that Ocean Dental owns dental clinics throughout the State of Oklahoma.

3.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations contained in Paragraph 3 of Fortress's First Amended Complaint and therefore denies same.  Dr. Hoecker admits that Dr. Robin Lockwood is believed to be in the custody of the United States Bureau of Prisons and that Dr. Lockwood was a dentist.

4.      Dr. Hoecker admits that he is a licensed dentist whose place of domicile is the State of Oklahoma.

5.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 5 of Fortress's First Amended Complaint and therefore denies same.

6.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 6 of Fortress's First Amended Complaint and therefore denies same.

7.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 7 of Fortress's First Amended Complaint and therefore denies same.

8.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 8 of Fortress's First Amended Complaint and therefore denies same.

9.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 9 of Fortress's First Amended Complaint and therefore denies same.

10.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 10 of Fortress's First Amended Complaint and therefore denies same.

11.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 11 of Fortress's First Amended Complaint and therefore denies same.

12.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 12 of Fortress's First Amended Complaint and therefore denies same.

13.      Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 13 of Fortress's First Amended Complaint and therefore denies same.

14.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 14 of Fortress's First Amended Complaint and therefore denies same.

15.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 15 of Fortress's First Amended Complaint and therefore denies same.

16.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 16 of Fortress's First Amended Complaint and therefore denies same.

17.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 17 of Fortress's First Amended Complaint and therefore denies same.

18.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 18 of Fortress's First Amended Complaint and therefore denies same.

19.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 19 of Fortress's First Amended Complaint and therefore denies same.

20.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 20 of Fortress's First Amended Complaint and therefore denies same.

21.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 21 of Fortress's First Amended Complaint and therefore denies same.

22.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 22 of Fortress's First Amended Complaint and therefore denies same.

23.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 23 of Fortress's First Amended Complaint and therefore denies same.

24.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 24 of Fortress's First Amended Complaint and therefore denies same.

25.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 25 of Fortress's First Amended Complaint and therefore denies same.

26.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 26 of Fortress's First Amended Complaint and therefore denies same.

27.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 27 of Fortress's First Amended Complaint and therefore denies same.

28.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 28 of Fortress's First Amended Complaint and therefore denies same.

29.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 29 of Fortress's First Amended Complaint and therefore denies same.

30.     Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 30 of Fortress's First Amended Complaint and therefore denies same.

31.     Dr. Hoecker admits that this Court has jurisdiction over this action as alleged in Paragraph 31 of Fortress's First Amended Complaint pursuant to 28 U.S.C. § 1332.  However, Dr. Hoecker denies that a justiciable case or controversy exists for all of Fortress's claims and that all of the bases for declaratory relief set forth in Fortress's First Amended Complaint are appropriate for declaratory relief under 28 U.S.C. § 2201.

32.     Dr. Hoecker admits that venue is proper in this judicial district as alleged in Paragraph 32 of Fortress's First Amended Complaint.

33.     Dr. Hoecker admits that Fortress issued a policy of insurance as alleged in the first sentence of Paragraph 33 of Fortress's First Amended Complaint.  Dr. Hoecker further admits that the policy of insurance is what is commonly referred to as a "claims made" policy, but that the terms and scope of coverage speak for themselves.

34.     Dr. Hoecker admits that Fortress issued a policy of insurance as alleged in the first sentence Paragraph 34 of Fortress's First Amended Complaint.  Dr. Hoecker

further admits, on information and belief, that the policy of insurance issued to Dr. Lockwood is also a "claims made" policy, but that the terms and scope of coverage speak for themselves.

35.     Dr. Hoecker admits that Fortress issued a policy of insurance as alleged in the first sentence of Paragraph 35 of Fortress's First Amended Complaint.  Dr. Hoecker further admits, on information and belief, that the policy of insurance issued to Dr. Hoecker is also a "claims made" policy, but that the terms and scope of coverage speak for themselves.

36.     Dr. Hoecker admits that the policies of insurance issued by Fortress to Ocean Dental, Dr. Lockwood and Dr. Hoecker have different policy periods and different endorsements as alleged in Paragraph 36 of the First Amended Complaint.  Dr. Hoecker is without sufficient knowledge or information with which to admit or deny the remaining allegations in Paragraph 36 of Fortress's First Amended Complaint and therefore denies same.

37.     Dr. Hoecker, responding solely as to the Policy of Insurance described in Paragraph 35 (the "Dr. Hoecker Policy"), admits that the language in Paragraph 37 of Fortress's First Amended Complaint is an accurate quotation of the language in the Dr. Hoecker Policy.  Except as expressly admitted, Dr. Hoecker denies the remainder of the allegations in this Paragraph.  Unless otherwise stated, all of Dr. Hoecker's further responses to any allegations made in the First Amended Complaint regarding any policy of insurance are made solely with respect to the Dr. Hoecker Policy.  While Fortress alleges that the policies are "identical," Dr. Hoecker does not have a copy of the

Lockwood policy, is therefore without sufficient information or belief as to the truth of that allegation and therefore denies same.

38.     Dr. Hoecker, responding solely as to the Dr. Hoecker Policy, admits that the language referenced in Paragraph 38 of Fortress's First Amended Complaint is an accurate quotation of the language in the Dr. Hoecker Policy.   Except as expressly admitted, Dr. Hoecker denies the remainder of the allegations in this Paragraph.

39.     Dr. Hoecker, responding solely as to the Dr. Hoecker Policy, admits that the language referenced in Paragraph 39 of Fortress's First Amended Complaint is an accurate quotation of the language in the Dr. Hoecker Policy.   Except as expressly admitted, Dr. Hoecker denies the remainder of the allegations in this Paragraph.

40.     Dr. Hoecker, responding solely as to the Dr. Hoecker Policy, admits that the language referenced in Paragraph 40 of Fortress's First Amended Complaint is an accurate quotation of the language in the Dr. Hoecker Policy.  Except as expressly admitted, Dr. Hoecker denies the remainder of the allegations in this Paragraph.

41.     Dr. Hoecker admits that on or about March 16, 2011, the lawsuit identified as the "Robinson Lawsuit" in Fortress's First Amended Complaint was filed in the District Court for Oklahoma County and that the case number reflected in Paragraph 41 of Fortress's First Amended Complaint is correct.

42.     Dr. Hoecker admits that the portions of the complaint in the "Robinson Lawsuit" as stated by Fortress are accurately cited.  Dr. Hoecker denies Fortress's Paragraph 42 to the extent it implies that the portions quoted are the only portions of the Robinson Lawsuit relevant to this dispute.  Moreover, Dr. Hoecker denies the allegations

in Fortress's Paragraph 42 to the extent that they are intended to reflect the current state of the claims raised by the plaintiffs in the Robinson Lawsuit.  Many of the causes of action asserted in the Robinson Lawsuit have been dismissed either voluntarily or by way of summary judgment and therefore are no longer currently at issue, though many of these rulings may be interlocutory in nature and potentially subject to appeal or other legal challenge.

43.   Dr. Hoecker admits that after the Robinson Lawsuit was filed, Fortress appointed separate defense attorneys to represent Ocean Dental and Dr. Lockwood and that Fortress issued a reservation of rights letter to Ocean Dental, the terms and substance of which speaks for itself.  Ocean Dental is without sufficient information or belief as to the truth of the allegation that a reservation of rights letter was sent to Dr. Lockwood and on that basis denies same.  Except as expressly admitted herein, Ocean Dental denies any remaining allegations in Paragraph 43.

44.   Dr. Hoecker admits that the description of the trial court's rulings on summary judgment in the first sentence of Paragraph 44 are accurate.  Dr. Hoecker denies the allegations of the final sentence of Paragraph 44 on the grounds that Dr. Lockwood has brought a motion for summary judgment with respect to the Robinson Plaintiffs' claims for intentional/negligent infliction of emotional distress and that those claims have now been voluntarily dismissed by the Robinson Plaintiffs as to all defendants.

45.   Dr. Hoecker, responding solely as to the Dr. Hoecker Policy, admits that the language referenced in Paragraph 45 of Fortress's First Amended Complaint is an

accurate quotation of the language in the Dr. Hoecker Policy.  Except as expressly admitted, Dr. Hoecker denies the remainder of the allegations in this Paragraph.

46.    Dr. Hoecker, responding solely as to the Dr. Hoecker Policy, admits that the language referenced in Paragraph 46 of Fortress's First Amended Complaint is an accurate quotation of the language in the Dr. Hoecker policy.  Except as expressly admitted, Dr. Hoecker denies the remainder of the allegations in this Paragraph.

47.    Dr. Hoecker admits that the language cited in Paragraph 47 of Fortress's First Amended Complaint is an accurate quote from a portion of the operative complaint in the Robinson Lawsuit.  Dr. Hoecker further admits that a motion to certify a class was filed in the Robinson Lawsuit on or about April 27, 2012.  Except as expressly admitted, Dr. Hoecker denies the remainder of the allegations in this Paragraph.

48.    Dr. Hoecker admits the allegations of Paragraph 48 of Fortress's First Amended Complaint, but further states that the plaintiffs in the Robinson Lawsuit can move to amend to add new parties to the Robinson Lawsuit and/or seek revision of the class certification order at a future date.

49.    Dr. Hoecker admits that on or about December 6, 2011, counsel for the plaintiffs in the Robinson Lawsuit requested the medical records of 31 patients and that Ocean Dental immediately reported this request to Fortress.  Dr. Hoecker further admits that Fortress has appointed counsel and is defending Dr. Hoecker under a reservation of rights with respect to these 31 additional patients.  Dr. Hoecker further states, in response to Fortress' allegation in Paragraph 49, that Dr. Lockwood has never reported these record requests, that Dr. Lockwood was not employed by Ocean Dental at the time when

the requests were made and therefore it is unclear whether Dr. Lockwood even had knowledge of these requests at the time they were made.  Dr. Hoecker lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 49 and therefore denies same.

50.     Dr. Hoecker admits that on or about April 26, 2013, counsel for the plaintiffs in the Robinson Lawsuit requested an additional seven medical records requests to Ocean Dental and that Ocean Dental immediately reported these requests to Fortress. Dr. Hoecker further admits that Fortress has appointed counsel and is defending Dr. Hoecker under a reservation of rights with respect to these 7 patients.  Dr. Hoecker lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies same.

51.     Dr. Hoecker admits that on or about June 18, 2013, counsel for the plaintiffs in the Robinson Lawsuit requested an additional seventy-four medical records requests to Ocean Dental and that Ocean Dental immediately reported these requests to Fortress.  Dr. Hoecker further admits that Fortress has appointed counsel and is defending Dr. Hoecker under a reservation of rights with respect to these 74 patients.  Dr. Hoecker lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 51 and therefore denies same.

52.     Upon information and belief, Dr. Hoecker admits that on June 19, 2012, Dr. Lockwood pled guilty to a one count Information as alleged in Paragraph 52 of Fortress's First Amended Complaint.   Upon information and belief, Dr. Hoecker admits the remaining allegations in Paragraph 52 of Fortress's First Amended Complaint.

53.    Dr. Hoecker admits that on or about June 28, 2013, the lawsuit identified as the "Aguina Lawsuit" in Fortress's First Amended Complaint was filed in the District Court for Oklahoma County and that the case number reflected in Paragraph 53 of Fortress's First Amended Complaint is correct.   Dr. Hoecker further admits that the plaintiffs in the Aguina Lawsuit include patients who previously submitted medical records requests to Dr. Hoecker as referenced in Paragraphs 49 and 50 of Fortress's First Amended Complaint and further states that said patients were included in the class first identified in the Robinson Lawsuit.

54.    Dr. Hoecker admits that the language quoted in Paragraph 54 of Fortress's First Amended Complaint is an accurate quotation of language from the petition on file in the Aguina Lawsuit

55.    Dr. Hoecker admits that Fortress agreed to provide a defense to Dr. Hoecker in connection with the Aguina Lawsuit under a reservation of rights letter, the terms and content of which speak for themselves.   Dr. Hoecker denies the remaining allegations of Paragraph 55.

56.    Dr. Hoecker admits that the reservation of rights letter sent by Fortress to Dr. Hoecker includes the quoted language set forth in Paragraph 56 of Fortress's First Amended Complaint.

57.    Dr. Hoecker admits that it received a reservation of rights letter from Fortress in connection with the Aguina Lawsuit, the terms and content of which speak for themselves.   Except as expressly admitted herein, Dr. Hoecker denies the remaining

allegations of Paragraph 57, and specifically states that the plaintiffs in the Aguina Lawsuit clearly seek damages for bodily injury.

58.    Dr. Hoecker admits that Fortress has agreed to defend Ocean Dental in connection with the Aguina Lawsuit under a reservation of rights letter, the terms and content of which speak for themselves.   Dr. Hoecker lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies same.

59.    Dr. Hoecker denies that there is any justiciable controversy between Dr. Hoecker and Fortress with respect to Fortress's liability for certain of the claims asserted in the Robinson Lawsuit, the Aguina Lawsuit, or the Medical Records Requests.

60.    The statements contained in Paragraph 60 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Dr. Hoecker states that Fortress is obligated to defend and indemnify Dr. Hoecker for the claims of all putative class members, whether asserted in the Robinson Lawsuit, the Aguina Lawsuit or elsewhere, including without limitation the 31 December 2011 Medical Records requests, the 7 April 2013 Medical Records requests and the 74 July 2013 Medical Records requests.   Dr. Hoecker lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 60 and therefore denies same.

61.    The statements contained in Paragraph 61 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Dr. Hoecker states that Fortress is

obligated to defend and indemnify Dr. Hoecker for the claims set forth the Aguina Lawsuit. Dr. Hoecker lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 60 and therefore denies same.

62.    The statements contained in Paragraph 62 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Dr. Hoecker denies that there is an actual, justiciable controversy regarding the grounds for declaratory relief set forth in Fortress's Paragraph 62 and/or that the Court should exercise its discretion to hear said claims.    Dr. Hoecker further denies the allegations contained in Paragraph 62 of Fortress's First Amended Complaint to the extent they imply that the underlying Aguina Lawsuit seeks compensation for "non-bodily injury" or alleges negligent supervision or hiring.

63.    The statements contained in Paragraph 63 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Dr. Hoecker denies that there is an actual, justiciable controversy regarding the grounds for declaratory relief set forth in Fortress's Paragraph 63 and/or that the Court should exercise its discretion to hear said claims.

64.    The statements contained in Paragraph 64 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required. However, to the extent that a response is required, Dr. Hoecker denies that there is an actual, justiciable controversy regarding the grounds for declaratory relief set forth in

Fortress's Paragraph 64 and/or that the Court should exercise its discretion to hear said claims. Dr. Hoecker further denies the allegations contained in Paragraph 64 of Fortress's First Amended Complaint to the extent they imply that the underlying Robinson Lawsuit seeks compensation for "non-bodily injury" or alleges negligent supervision or hiring.

65.     The statements contained in Paragraph 65 of Fortress's First Amended Complaint are argumentative, and not factual, and therefore no response is required.

66.     Dr. Hoecker denies the allegations in Paragraph 66 of Fortress's First Amended Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.     Fortress's First Amended Complaint fails to state a claim upon which relief can be granted.

2.     Fortress is barred and estopped from filing its claims herein due to its conduct described more fully in the Counterclaims set forth below.

3.     Fortress's First Amended Complaint fails, in part, to state claims that are ripe for adjudication.

4.     Fortress's First Amended Complaint fails, in part, to set forth a justiciable controversy.

5.     Fortress's First Amended Complaint seeks, in part, an advisory opinion that is not appropriate for declaratory relief.

6.    Dr. Hoecker reserves additional affirmative defenses and reserves the right to seek leave to amend his Answer to assert any such additional affirmative defenses if and when it appears appropriate and necessary to do so.

WHEREFORE, having duly answered Fortress's First Amended Complaint, Dr. Hoecker prays that Fortress take nothing thereby, that Fortress's request for the Declaratory Judgment be denied in its entirety, that the Court award Dr. Hoecker his costs and attorneys' fees incurred herein, and that the Court award Dr. Hoecker such other and further relief as is just and equitable.

Respectfully submitted,

*s/ Thomas B. Snyder*

Thomas B. Snyder, OBA #31428
Jessica L. Perry, OBA #22681
CROWE & DUNLEVY, P.C.
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-6609
(405) 272-5293 (Facsimile)
thomas.snyder@crowedunlevy.com
jessica.perry@crowedunlevy.com

ATTORNEYS FOR DEFENDANT
OCEAN DENTAL, P.C.

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christian Huckaby
CHuckaby@HallEstill.com

Seth Day
sday@HallEstill.com

ATTORNEY FOR
PLAINTIFF/COUNTER-DEFENDANT

ATTORNEY FOR
PLAINTIFF/COUNTER-DEFENDANT

*s/ Thomas B. Snyder*
Thomas B. Snyder

2485145