IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) FORTRESS INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>(1) OCEAN DENTAL, P.C.,<br>(2) ROBIN LOCKWOOD, D.D.S., et al.,<br><br>      Defendants. | Case No. CIV-2013-322-R<br>Judge David L. Russell |

## PLAINTIFF'S MOTION TO DISMISS
## OCEAN DENTAL'S COUNTERCLAIM WITH SUPPORTING BRIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Fortress Insurance Company ("Fortress") moves to dismiss the Counterclaim of Ocean Dental, P.C., for failure to state a claim upon which relief may be granted. In support, Fortress states as follows:

### INTRODUCTION

Fortress filed a First Amended Complaint (Doc #44) on August 23, 2013. In response, Ocean Dental filed its Answer to First Amended Complaint and Counterclaim (Doc #53) on September 6, 2013. Ocean Dental's present Counterclaim is substantially similar to the counterclaim (Doc #13) it filed in response to Fortress's initial Complaint. Ocean Dental alleges that Fortress has acted or is acting in bad faith by:

    (1)    failing and refusing to initiate settlement discussions with a putative class of unidentified potential claimants (Counterclaim ¶¶ 4-7);

    (2)    waiting to file this declaratory action until the eve of a mediation in the underlying *Robinson* case scheduled for May 2013 – a mediation which did not occur (Counterclaim ¶ 8);

(3) *not* waiting to file this declaratory action until after *Robinson* is resolved, thereby possibly requiring Ocean Dental to disclose confidential information that may prejudice its defense in *Robinson* and *Aguina* (Counterclaim ¶ 9);

(4) waiting to file this declaratory action until Dr. Lockwood had been sent to prison (Counterclaim ¶ 10);

(5) forcing Ocean Dental to retain counsel in order to secure benefits under the Fortress insurance policy (Counterclaim ¶ 12.e.); and

(6) seeking a declaration that Fortress can withdraw its defense of uncovered claims (Counterclaim ¶ 11).[1]

## ARGUMENT AND AUTHORITIES

Much of Ocean Dental's bad faith claim is premised on the very filing of Fortress' declaratory judgment action. But, as more fully set forth below, Fortress has every right to seek declaratory relief without exposing itself to a bad faith claim. Declaratory actions are authorized by statute and are favored by the courts. Moreover, Ocean Dental's allegations of bad faith are conclusory, unsupported by allegations of fact, and insufficient to state a plausible claim under Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Fortress respectfully requests this Court to dismiss Ocean Dental's Counterclaim.

I. **The tort of bad faith does not apply to legitimate coverage disputes and does not prevent an insurer from resorting to a judicial forum to resolve those disputes.**

Fortress' declaratory action (both the initial and Amended Complaint) raises issues as to whether and when claims were made against the insureds and reported to Fortress within the provisions of the policy and whether certain policy exclusions might apply.

---

[1] This is the only new substantive allegation contained in the Counterclaim to the Amended Complaint.

These issues go to the very heart of the parties' insurance relationship and require determination by this Court. Although Ocean Dental takes the position that some issues raised by Fortress are not ripe or justiciable, its Answer and Affirmative Defenses to the Amended Complaint otherwise agree that there are legitimate disputes to be resolved. See Answer to First Amended Complaint and Counterclaim (Doc #53) at Answer ¶¶ 31, 59, 60, 61, 62, 63, and 64, and Affirmative Defense ¶¶ 3, 4, and 5.

Declaratory judgment actions are authorized by statute, 28 U.S.C. § 2201, *et seq.*, and allow the court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* Declaratory judgment actions are favored by the courts. In *Delaney v. Carter Oil Co.*, 174 F.2d 314, 317 (10th Cir. 1949), the court stated:

> One of the highest offices of declaratory procedure is to remove uncertainty and insecurity from legal relations, and thus clarify, quiet and stabilize them before irretrievable acts have been undertaken. Borchard on Declaratory Judgments, 2d Ed., p. 283 and 927-932. *See also, American Machine & Metals v. DeBothezat Impeller Co.*, 2 Cir., 166 F.2d 535; *James v. Alderton Dock Yards*, 256 N.Y. 298, 176 N.E. 401. Another prime purpose is to enable an issue of questioned status or fact, on which a whole complex of rights may depend, to be expeditiously determined.

In *Brown v. Patel*, 2007 OK 16, ¶ 26, the Oklahoma Supreme Court stated, "The duty to deal fairly and in good faith does not restrict an insurer's right to reasonably resist payment or resort to a judicial forum to resolve a legitimate dispute." Further, "Legitimate disagreements can arise concerning the amount of coverage, cause of loss, and breach of policy conditions, and the tort of bad faith does not prevent the insurer

from resisting payment or resorting to a judicial forum to resolve a legitimate dispute." *Id.,* citing *Skinner v. John Deere Ins. Co.,* 2000 OK 18, ¶ 16.

## II. The Counterclaim must state non-conclusory factual allegations sufficient to set forth a plausible claim.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs,* 263 F.3d 1151, 1154-55 (10th Cir. 2001). *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim"); *Bryson v. City of Edmond,* 905 F.2d 1386, 1390 (10th Cir. 1990) (stating that a district court is not required to accept "footless conclusions of law" in ruling on a motion to dismiss).

The Supreme Court in the antitrust case *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) amplified the requirement that a complaint must state non-conclusory factual allegations sufficient to set forth a plausible claim. In its subsequent decision of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Supreme Court made clear that, because *Twombly* was based on the interpretation and application of Rule 8, the test set forth in *Twombly* governs the pleading standards "in all civil actions." *Iqbal,* 556 U.S. at 684. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, quoting *Twombly,* 550 U.S. at 570. Both *Iqbal* and *Twombly* recognize that "[a]

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. *See Twombly*, 550 U.S. at 556.

*Iqbal* summarized the *Twombly* rationale as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

556 U.S. at 678-79 (citations omitted).

The burden is on the plaintiff to give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for its claims. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

III. **The foregoing principles defeat Ocean Dental's allegations.**

  A. <u>The alleged failure to attempt a class settlement does not support the tort of bad faith because it is intertwined with the legitimate issue of whether and when claims were made and reported within the meaning of the policy.</u>

Fortress's Amended Complaint alleges that the only "claims" (as defined by the policy) that were made and reported within Ocean Dental's last policy period

(October 22, 2010 to October 22, 2011) were the dental malpractice claims of the minor children, L.R. and Q.R., brought by their mother, Anglar Robinson, in the *Robinson* suit filed March 16, 2011. Fortress's position is that the *Robinson* allegations of a putative class (for which certification was denied), the requests for medical records, and the 2013-filed, multi-plaintiff *Aguina* suit were not "claims" or were not claims made and reported within Ocean Dental's policy period. Of course, Ocean Dental disagrees and says that these were indeed claims made and reported within the policy period. However, Ocean Dental *does* agree that this is a legitimate issue. The only fair reading of its Answer and Affirmative Defenses is that the "claim made and reported" issue, unlike others in its view, is a legitimate one. See Answer to First Amended Complaint and Counterclaim (Doc #53) at Answer ¶¶ 31, 59, 60, 61, 62, 63, and 64, and Affirmative Defense ¶¶ 3, 4, and 5.[2] Additionally, Ocean Dental's Response (Doc #30) to Fortress' motion to dismiss the initial counterclaim stated the following:

> First, there is a dispute as to whether "claims" have been made under the policy. In fact, a large part of the present dispute is whether the class based allegations made in the underlying *Robinson* case and the course of conduct between Fortress and Ocean Dental were sufficient to constitute "claims" as defined under the Ocean Dental Policy.

Doc #30 at pp. 7-8. Legitimate coverage disputes do not provide a basis for an insured's bad faith claim. *Brown v. Patel*, 2007 OK 16, ¶ 26; *Skinner v. John Deere Ins. Co.*, 2000 OK 18, ¶ 16.

---

[2] Ocean Dental's Counterclaim expressly "adopts and incorporates all of the statements and allegations previously set forth herein," that is, the admissions, denials, and allegations of its Answer and Affirmative Defenses. Doc #53 at p. 16.

Further, an "insurer is not liable for breach of its duty to settle in good faith unless the insurer, based on facts known and knowable to it at the time of refusal, makes a decision – adverse to the insured – that is not legally justifiable." *First Bank of Turley v. Fidelity and Deposit Ins. Co. of Maryland*, 1996 OK 105, 928 P.2d 298, 307. Ocean Dental does not allege any facts known or knowable to Fortress within the policy period as to the number and identity of putative class claimants on which Fortress could make an educated decision to attempt a class settlement. Nor does Ocean Dental allege that Fortress knew or could have known what these unidentified persons were claiming in the way of injuries and damages. What Ocean Dental alleges is wholly conclusory: that defense counsel in *Robinson* consistently updated Fortress on the lawsuit (when? about what?), that counsel provided un-alleged but supposedly "specific" information about the potential class, and that plaintiffs' counsel in *Robinson* was gathering additional (unidentified) plaintiffs. Counterclaim (Doc #53) at ¶ 4. Likewise, Ocean Dental alleges that plaintiffs' counsel in *Robinson* was gathering and "threatening" to bring claims for additional (unidentified) patients. Counterclaim (Doc #53) at ¶ 5. These allegations simply do not meet the Rule 8, *Twombly*, and *Iqbal* threshold for factual sufficiency. Ocean Dental's conclusory allegations only highlight the fact that there is a legitimate issue concerning what claims were made and reported within Ocean Dental's policy period. To taint Fortress with bad faith for failing to negotiate a class settlement in such circumstances is not plausible.

Ocean Dental's "failure to settle" claim also fails because there are insufficient allegations as to any adverse result or damage. It is clear from the Counterclaim that the

*Robinson* case and the 2013-filed *Aguina* case are still pending. Counterclaim (Doc #53) at ¶ 9. Also, the Counterclaim speaks only of Ocean Dental's potential "future liability." Counterclaim (Doc #53) at ¶ 6. Ocean Dental *does* allege reputation and business harm "that had been caused and was ongoing," (*id.*) but such an allegation is too vague to support a claim for relief.

### B. The allegations as to the harm caused by the *timing* of Fortress' declaratory action likewise are insufficient.

Ocean Dental alleges in three ways that the *timing* of the filing of Fortress' initial declaratory complaint was in bad faith. Ocean Dental alleges that Fortress acted in bad faith by:

- waiting to file this declaratory action until the eve of a mediation in the underlying *Robinson* case scheduled for May 2013 (Counterclaim ¶ 8);

- *not* waiting to file this declaratory action until after *Robinson* is resolved, thereby possibly requiring Ocean Dental to disclose confidential information that may prejudice its defense in *Robinson* and *Aguina* (Counterclaim ¶ 9);

- waiting to file this declaratory action until Dr. Lockwood had been sent to prison (Counterclaim ¶ 10);

Fortress had every right to file this declaratory action, and declaratory actions are favored by the courts. Nevertheless, accepting for purposes of argument that a plaintiff could time the filing of a complaint with a bad faith motive, Ocean Dental's claims fail for insufficient factual allegations of harm.

With respect to the 2013 mediation of the *Robinson* suit, Ocean Dental alleges that Fortress intended by its filing of this declaratory action to impair Ocean Dental's position in the mediation and the lawsuit. Counterclaim (Doc #53) ¶ 8. But, there are no

allegations that Ocean Dental actually suffered any harm. In fact, the 2013 mediation did not occur.

With respect to Ocean Dental's claim that Fortress should have waited to file this declaratory action until *Robinson* is resolved (Counterclaim (Doc #53) ¶ 9), that would defeat the utility of a declaratory judgment. As to the possibility that Ocean Dental might have to disclose confidential information in this action that could be used against it in *Robinson* and *Aguina*, it is only that – a possibility. There are no allegations of any disclosures or that Ocean Dental has been harmed. In any event, a protective order could be fashioned to protect Ocean Dental from adverse disclosure of confidential information.

Ocean Dental also criticizes Fortress for waiting to file this declaratory action until Dr. Lockwood had been sent to prison. Counterclaim (Doc #53) ¶ 10. Ocean Dental alleges in conclusory fashion that this had the "effect of impairing the rights of Ocean Dental." The allegation is plainly insufficient under Rule 8. In any event, Fortress had no control over when Dr. Lockwood would be taken into custody, nor does it control when she will be released.

Ocean Dental's allegations as to the *timing* of Fortress' declaratory action are simply insufficient to support a plausible bad faith claim.

### C. Ocean Dental's remaining allegations of bad faith likewise do not support a claim.

Ocean Dental alleges that it has had to retain counsel in order to secure the benefits of the insurance policy (Counterclaim (Doc #53) ¶ 12.e.) and that Fortress is attempting to withdraw its defense of uncovered claims in the *Robinson* and *Aguina* suits

in violation of its duty under Oklahoma law to defend both covered and uncovered claims (Counterclaim (Doc #53) ¶ 11).

As to Ocean Dental's need to retain counsel, that is the natural consequence of defending a declaratory action, which Fortress has every right to maintain. If Ocean Dental disputes Fortress' right to bring the action, it can bring the appropriate motion. But, having to retain a lawyer to respond to a declaratory action does not by itself provide a basis for a bad faith counterclaim.

With respect to the alleged attempt by Fortress to withdraw from the defense of uncovered claims, Fortress is unaware of the basis of this bare conclusion. Presumably, it is based on the mere filing of this declaratory action. Ocean Dental admits that Fortress is defending it in both the *Robinson* and *Aguina* suits under a reservation of rights (Answer (Doc #53) ¶¶ 43, 58), and there is no factual allegation concerning withdrawal or failure to defend. In Oklahoma, "[a]n insurer who disputes the insured's demand to defend has three options. It can (1) seek declaratory relief that would define the insurer's rights and obligations; (2) defend the insured under a reservation of rights; or (3) refuse to take any action at the peril of later being found in breach of its duty to defend." *Yousuf v. Cohlmia*, 718 F.Supp.2d 1279, 1295 (N.D. Okla. 2010), quoting *First Bank of Turley*, 928 P.2d at 304-05. Here, Fortress is doing both (1) and (2), defending under a reservation of rights and bringing a declaratory action. Ocean Dental does not have a plausible claim of bad faith.

## CONCLUSION

Ocean Dental's allegations of bad faith are creative, but the allegations are either not plausible or cannot as a matter of law support a bad faith claim. Fortress has every right to seek relief from the Court on legitimate issues of coverage, such as whether the unidentified putative members of the uncertified class in *Robinson* had "claims" that were made and reported within Ocean Dental's policy period. Ocean Dental's bad faith claim about the failure to undertake a class settlement must fail. Likewise, its remaining claims of bad faith are misguided or unsupported. Ocean Dental's Counterclaim should be dismissed as a matter of law for failure to state a claim upon which relief may be granted.

Dated:  September 27, 2013

Respectfully submitted,

s/ Seth A. Day, OBA #20670
Christian S. Huckaby, OBA #16131
**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**
Chase Tower
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone:  (405) 553-2828
Facsimile:  (405) 553-2855
Email: chuckaby@hallestill.com
Email: sday@hallestill.com

And

James T. Nyeste
Attorney at Law
820 Davis St., Rm. 504E
Evanston, IL  60201
Telephone:  (847) 742-0601
Email: jnyeste@coveragelaw.com

**ATTORNEYS FOR PLAINTIFF,
FORTRESS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

| | |
|---|---|
| Steven T Horton | shorton@coxinet.net |
| John C. Lennon | jlennon@piercecouch.com |
| Peter L. Wheeler | pwheeler@piercecouch.com |
| Jessica L. Perry | Jessica.perry@crowedunlevy.com |
| Thomas B. Snyder | Thomas.snyder@crowedunlevy.com |

s/ Seth A. Day